J-S24018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKIE ROSADO | : | No. 2474 EDA 2014 |
| | | |
| Appellant | | |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000018-2012

BEFORE:  GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JANUARY 19, 2017**

Appellant, Frankie Rosado, is before us upon remand from the Pennsylvania Supreme Court with regard to his appeal from the Monroe County Court of Common Pleas' order that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  For the following reasons, we reverse and remand with instructions.

The relevant facts and procedural history of this case are as follows.

> In 2012, Appellant…was accused of sexually abusing his former girlfriend's teenage daughter, whereupon he was charged with one count each of indecent assault, corruption of minors, and unlawful contact with minor. Appellant, then represented by a public defender, proceeded to trial, whereafter he was convicted of the aforementioned offenses and later sentenced to an aggregate term of 33 to 69 months' imprisonment.

Appellant hired new counsel (…"Appellate Counsel") to represent him at the post-sentencing and appellate stages of his case. Appellate Counsel filed a post-sentence motion raising, as relevant here, a sufficiency-of-the-evidence claim, but the trial court denied relief. Appellate Counsel then filed a notice of appeal to the Superior Court, whereupon the trial court issued an order directing him to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellate Counsel filed a document styled as a "preliminary" concise statement, wherein he raised three issues: (1) whether Appellant's sentence was "an abuse of discretion"; (2) whether the trial court erred in excluding evidence that the alleged victim had previously accused her father of sexual abuse; and (3) whether a juror fraudulently concealed bias during *voir dire*. Appellate Counsel also attached a copy of his post-sentence motion to the "preliminary" concise statement, erroneously believing that doing so would preserve the claims raised therein for purposes of appeal, and requested additional time to file a "final" concise statement, which the trial court granted. However, Appellate Counsel never filed a revised concise statement, and, accordingly, the trial court considered the three claims raised in the extant concise statement, and issued a Pa.R.A.P. 1925(a) opinion rejecting those claims. Appellate Counsel then filed an appellate brief with the Superior Court, in which, deciding to abandon the three claims raised in his concise statement and addressed by the trial court, he raised as his sole appellate issue the unpreserved sufficiency claim.

In an unpublished memorandum opinion, the Superior Court, while noting the three issues preserved in Appellant's concise statement, found the sufficiency claim to be waived, as it was not included therein. ***Commonwealth v. Rosado***, No. 2754 EDA 2012, 2013 WL 11259105 (Pa.Super. filed July 23, 2013). Accordingly, the court did not address any of Appellant's preserved claims or his sufficiency claim, and, as a result, it summarily affirmed.

Appellant later filed a [PCRA] petition asserting, *inter alia*, that Appellate Counsel's above-detailed conduct constituted ineffective assistance of counsel *per se*, and

- 2 -

thus seeking reinstatement of his appellate rights *nunc pro tunc*. The PCRA court held an evidentiary hearing, at which Appellate Counsel testified that he believed that attaching his post-sentence motion to his concise statement was sufficient to preserve the claims raised for purposes of appeal, and that he abandoned the three preserved claims [in the Rule 1925(b) statement] in an effort to more persuasively argue his sufficiency claim. Ultimately, the PCRA court found that Appellate Counsel's conduct did not amount to ineffectiveness *per se*, and, accordingly, denied relief. Appellant appealed to the Superior Court.

*Commonwealth v. Rosado*, ___ A.3d ___, 2016 WL 7008042, at **1-*2**

(Pa. Nov. 22, 2016). On appeal, this Court labored to determine which of

two types of ineffective assistance of counsel claims Appellant was pursuing:

(1) a claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984), as adopted in Pennsylvania by

*Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987), which

requires the defendant to demonstrate counsel's act or omission prejudiced

the defendant or (2) a claim under *United States v. Cronic*, 466 U.S. 648,

104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), decided the same day as

*Strickland*, in which the United States Supreme Court distinguished those

circumstances where counsel's act or omission is so inherently damaging to

the defendant that prejudice can be presumed, *i.e.*, *per se* ineffective

assistance of counsel. Ultimately, we concluded appellate counsel's acts and

omissions at issue were subject to the *Strickland* test, rather than the

*Cronic* *per se* ineffective assistance of counsel category. Thus, we required

Appellant to demonstrate prejudice, which he had failed to do. At that point, we affirmed the PCRA court's decision to deny relief.

Appellant timely sought review with our Supreme Court, which granted allowance of appeal to consider whether the filing of an appellate brief that abandons all issues properly preserved for direct appeal, in favor of pursuing unpreserved issues, constitutes *per se* ineffective assistance of counsel. Our Supreme Court held: "[T]he filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." **Rosado, supra** at **\*8**. The Court deemed counsel's acts and omissions a "complete default," which precluded litigation of Appellant's direct appeal and the functional equivalent of no appeal at all. **Id.** at **\*9**. The **Rosado** Court vacated this Court's judgment and remanded the case to us for further action.

Given the Supreme Court's holding, we now decide the best resolution of this matter is to put Appellant in a position that will fully restore his direct appeal rights. Because the foundation for his direct appeal was laid by counsel who has since been deemed ineffective *per se*, we remand the case and direct current counsel to communicate with Appellant about the issues he wants to pursue on appeal and take steps to preserve the issues properly. Counsel's efforts on Appellant's behalf shall include the filing of new post-sentence motions *nunc pro tunc*. Following disposition of the post-sentence motions *nunc pro tunc*, either party will have the opportunity to file

a timely appeal. Any subsequent Rule 1925(b) statement must articulate clearly and concisely the issues to be raised on appeal, without any "incorporation by reference" of earlier filings. Finally, the trial court shall address all issues in a new trial court opinion. Accordingly, we reverse the order denying PCRA relief and remand for further action consistent with this disposition.

Order reversed; case remanded with instructions. Jurisdiction is relinquished.

Judge Allen did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017